# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| REVEREND ROBERT CHRISTOPHEL, | Case No. 2:19-cv-01703-RFB-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| IATSE UNION, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Second Motion/Application to Proceed *In Forma Pauperis* (ECF No. 7), filed on January 21, 2020.

## I. *In Forma Pauperis* Application

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 7). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

## II. Screening the Complaint

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff alleges that his religious and constitutional right to bear arms was violated by the IATSE Union and its HR Director. As such, he appears to be relying on the Second Amendment, which he would need bring via a 42 U.S.C. § 1983 claim. To state a claim under Section 1983, a plaintiff must allege that a right secured by the Constitution has been violated and the deprivation was committed by a person acting under color of state law. *See, e.g., Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir.1986); *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir.2006). However, the Complaint does not include sufficient allegations to find that the named Defendants were acting under color of state law.

In addition, Plaintiff appears to assert a religious discrimination claim under Nevada law due to the requirement that he be subject to drug testing. He attaches a dismissal and notice of rights indicating that the EEOC dismissed his charge and issued him a right to sue on August 28, 2018. However, he does not attach his actual Charge or allege sufficient facts for the Court to infer

that he exhausted his administrative remedies against the named Defendants sufficient to encompass the allegations in his Complaint. There is no indication of what bases of discrimination he alleged with the EEOC. Further, there is no explanation of how this complaint would be timely filed as this action was not initiated until September 30, 2019, which is almost a full year after the right to sue was issued. Plaintiff will be given leave to amend and should include specific factual allegations setting forth each claim, against each defendant, in order for the Court to determine if his claims are able to survive screening.

**III. Conclusion**

Based on the foregoing and good cause appearing therefore,

IT IS ORDERED that Plaintiff's Motion/Application to Proceed *In Forma Pauperis* (#7) is **GRANTED**. Plaintiff shall not be required to pre-pay the filing fee of four hundred dollars ($400.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court shall file Plaintiff's Complaint (ECF No. 1-1) on the docket, but shall not issue a summons.

IT IS FURTHER ORDERED that the Complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **April 15, 2020** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

**Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: March 25, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE